HERBERT W. EDMUNDS

*v.*

ISAAC H. SMITH et al.

1. A decree was rendered awarding costs of suit to complainant, and direct-ing execution therefor. For a consideration of $25 complainant gave S., one of the two defendants, a receipt reciting that S. was released from all liability for costs.—*Held*, to release S. only, and that his codefendant's property was liable for the balance of the costs.

2. A conveyance to S. by such codefendant of property owned by him at the time the decree was entered, before the decree is docketed in the supreme court, does not release the property from the lien of the decree for costs, the Chancery act (§ 56) providing that all decrees and orders of the court of chan-cery, whereby any sum of money shall be ordered to be paid by one person to another, shall have the effect of a judgment at law in the supreme court from the time of the actual entry of such judgment, and the chancellor may order execution thereon as in other cases.

On petition after decree.

*Mr. Thomas E. French,* for the motion.

*Mr. Herbert W. Edmunds, pro se.*

GREEN, V. C.

A bill was filed in this court by Herbert W. Edmunds against Isaac H. Smith, Benjamin Obekiah and Hester Obekiah, his wife, to restrain them in the use of a closet on premises in the city of Cape May, belonging to Isaac H. Smith, and occupied by the other defendants, on the ground that the same was a nuisance.

A decree *pro confesso* was entered, testimony taken and final decree, dated October 24th, 1891, was entered October 27th, 1891.

This decree perpetually enjoined the defendants from the use of the closet as a sink &c., and further orders

" that the complainant recover against the defendants his costs and charges by him in this behalf sustained, and that an execution do issue therefor in accord-ance with the rules of this court."

Edmunds v. Smith.

The costs were taxed on November 2d, 1891, at $74.99.

After some arrangement between Smith and the complainant, Smith paid him $25 and took from him this receipt:

"Received, Cape May, N. J., August 22d, 1892, of Isaac H. Smith, twenty-five dollars cash, in consideration of which I hereby release the said Smith for all liabilities and further payment of any sum or sums of money incurred for costs or otherwise in the suit in chancery heretofore existing between said Smith and myself. [Signed] HERBERT W. EDMUNDS."

The Obekiahs were the owners of a lot, in another part of the city of Cape May at the time the decree was entered in the cause, which they conveyed to Isaac H. Smith by deed dated and acknowledged October 4th, 1892, and recorded in the Cape May county clerk's office October 5th, 1892.

On the 9th of October, 1892, the decree was docketed in the supreme court.

July 25th, 1893, a copy of the final decree and taxed costs was served on Benjamin Obekiah and his wife, and on the 7th of August, 1893, an order was made in the cause that a writ of *fieri facias* issue to the sheriff of Cape May county directing him to make the amount of costs remaining due out of the goods and chattels, lands and tenements of the defendants Benjamin Obekiah and Esther Obekiah, in pursuance of which a writ of *fieri facias* was issued directing the sheriff to make the amount, if necessary, out of the lands and real estate whereof Benjamin Obekiah and Esther Obekiah were seized on the 24th day of October, 1891, the date of the decree.

Isaac H. Smith, by petition, applies to vacate the order for execution, the execution and proceedings had thereon, so far as he and the lands conveyed to him are concerned, and to restrain the sheriff from selling said lands by virtue of the execution, on the ground that the payment of $25 was a discharge of the costs, and next, that at the time of the conveyance to him by the Obekiahs no decree had been docketed in the supreme court.

When Smith made the payment to Edmunds of $25 he took from him the paper which is a receipt and release. It must be considered as fully expressing the contract of the parties. At

the time it was given, Smith and the Obekiahs were each of them liable to the complainant for the whole amount of costs. After payment by Smith of $25 to the complainant, the latter released Smith from all liability for costs. This release did not discharge Obekiah nor Obekiah's property, which was liable for the balance of the bill for costs.

By the fifty-sixth section of the Chancery act it is provided

"that the decree of the court of chancery shall, from the time of its being signed, have the force, operation and effect of a judgment at law in the supreme court from the time of the actual entry of such judgment, and all decrees and orders of the court of chancery whereby any sum of money shall be ordered to be paid by one person to another, shall have the force, operation and effect of a judgment at law in the supreme court from the time of the actual entry of such judgment, and the chancellor may order such execution thereon as in other cases."

The final decree awarding costs and execution therefor to the complainant, the same being thereafter taxed, became, by virtue of this provision, a lien upon the lands of Smith and of the two Obekiahs on the 27th day of October, 1891, the time of the actual entry of such judgment.

The release to Smith relieved his property from the effect of the decree, but left the property of the Obekiahs still subject thereto. If the Obekiahs had conveyed their property to any other person than Smith, such grantee would have been protected by the proviso of the fifty-sixth section of the Chancery act, as follows:

"That no decree of the court of chancery, hereafter to be made, shall, as against any person not a party thereto, become a lien upon or bind any lands, tenements, hereditaments or real estate other than those specifically mentioned and described in such decree or in the bill of complaint on which the same is founded, until the parties interested in such decree, or some or one of them, shall have filed in the office of the clerk of the supreme court a statement or abstract of such decree, containing the names of all the parties thereto, designating, particularly, those against whom it is rendered" &c.

But Isaac H. Smith was a party defendant to the suit, and so this proviso does not apply to him, and it would seem that an

execution levied upon this property cannot be avoided by a conveyance made to him prior to the docketing of the decree.

